UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CARMEN MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL HARRISON, ESQ. and<br>STACY FRONAPFEL, ESQ.<br><br>　　　　　Defendants. | Civil Action No. 23-03513 (JXN) (MAH)<br><br>**MEMORANDUM & ORDER** |

**NEALS**, District Judge

**THIS MATTER** comes before the Court upon Plaintiff Carmen Martinez's ("Martinez" or "Plaintiff") application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1-2), and "Notice of Removal" (ECF No. 1). For the reasons set forth below, this matter is **REMANDED** to the Superior Court of New Jersey, Law Division, Special Civil Part, Union County.

**I.　BACKGROUND**

Plaintiff has attached several documents to the instant pleading but failed to file a formal Notice of Removal or a copy of the state court complaint, making it difficult for this Court to clearly identify the claims that Plaintiff intends to raise. (See ECF No. 1.) Plaintiff and Defendants are litigating in the Superior Court of New Jersey, Law Division, Special Civil Part, Union County ("State Court"). (*See id.*) As best as the Court can determine, the action Plaintiff wishes to remove addresses a dispute concerning the collection of a debt. (*See id.* at 8; ECF No. 1-4.) Among the documents, Plaintiff attached a Notice of Motion for Summary Judgment in which she appears as the Plaintiff in a State Court action against Michael Harrison Esq. and Stacy Fronapfel, Esq. (*See* ECF No. 1 at 1.) Plaintiff also attached a State Court notice issued on September 1, 2020,

in which she appears as the defendant, and "Michael S. Harrison" is listed as counsel for Plaintiff Englewood Radiologic Group. (*See id.* at 8.) In a third State Court notice, in which Martinez also appears as the defendant with MRI of Woodbridge as the plaintiff, advises of a "Non-Jury Trial" scheduled for June 28, 2023, the same day Plaintiff filed the instant "Notice of Removal" in this Court. (*See* ECF No. 1-4.)

## II.   LEGAL STANDARD

To be eligible to proceed without prepayment of fees required by the District Court without prepayment of fees and costs under 28 U.S.C. § 1 915(a), a plaintiff must file an application to proceed *in forma pauperis,* including an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* 28 U.S.C. *§* 1915(a)(l); *Glenn v. Hayman,* 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007).

Under§ 1915, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See id.* § 1915(e)(2)(B). A court reviewing an *in forma pauperis* application "has the authority to dismiss a case 'at any time,' ... regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an *[in forma pauperis]* application in either order or even simultaneously." *Brown v. Sage,* 941 F.3d 655,660 (3d Cir. 2019); *see also id.* at 659 (explaining that the Prisoner Litigation Reform Act altered the two-step framework under § 1915 described in *Roman v. Jeffes,* 904 F .2d 192, 194 n.1 (3d Cir. 1990)). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant

2

to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012).

Additionally, Federal Rule of Civil Procedure 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(l); 8(a)(2); 8(d).

### III.  DISCUSSION

The Court recognizes that it must liberally construe Plaintiff's submission because she is proceeding *pro se. See Dluhos v. Strasberg,* 321 F.3d 365, 373 (3d Cir. 2003) ("[W]e must liberally construe the *prose* litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name."); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court finds that the Notice of Removal is procedurally deficient under 28 U.S.C. § 1446, and this action must be remanded to State Court.

To remove a case from state court, a defendant must file a notice of removal containing a short and plain statement of the grounds for removal, and a copy of all pleadings and orders served upon the defendant in the action. *See* 28 U.S.C. § 1446. The notice of removal must be filed in the United States district court for the district and division within which such action is pending. *Id.* The notice of removal must be filed within thirty (30) days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within thirty (30) days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. *Id.*

As indicated above, 28 U.S.C. § 1446 clearly outlines the procedural requirements for removal, which all litigants are expected to follow. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985) (where the Court determined that removal is a statutory right, and the procedures to effect removal must be followed). Courts have recognized that certain procedural defects under § 1446 can be fundamentally detrimental to a petitioner's notice of removal. *See, e.g., Efford v. Milam*, 368 F.Supp.2d 380, 386 (E.D.Pa. 2005) (where the plaintiff's motion to remand was granted because the defendants' notice of removal was filed well beyond the statutorily designated thirty-day period).

Here, Plaintiff's Notice of Removal fails to satisfy the procedural requirements of 28 U.S.C. § 1446. First, Plaintiff failed to attach the State Court complaint or indicate any basis for removal under 28 U.S.C. §§ 1441 and 1446. *Id.* Plaintiff has also failed to file all pleadings previously filed in the State Court action as required by federal law. 28 U.S.C. § 1446. Second, based on the State Court notices filed with the Notice of Removal (see ECF Nos. 1 at 8; 1-4), the 30-day removal clock has long since run out. *Id.* Third, to the extent that Plaintiff seeks this Court's review over an action in State Court, this Court does not have jurisdiction to review state court proceedings. *In re Diet Drugs*, 282 F.3d 220, 240 (3d Cir. 2002) (noting that "[u]nder the *Rooker-Feldman* doctrine, inferior federal courts lack subject matter jurisdiction to review, directly or indirectly, state court adjudications," and "[r]eview of such adjudications must be pursued in the state appellate system, and, if necessary, by way of review of the state's highest court in the United States Supreme Court") (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923)). Accordingly, the Court lacks subject matter jurisdiction over this action. Given the Court's determination that Plaintiff has not asserted the Court's subject matter jurisdiction over this action, the Court declines to evaluate Plaintiff's IFP Application. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (noting

a district court's discretion to evaluate a plaintiff's application to *proceed in forma pauperis* and screen the complaint "in either order").

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS** on this 15th day of August 2023,

**ORDERED** that this matter is **REMANDED** to the Superior Court of New Jersey, Law Division, Special Civil Part, Union County; it is further

**ORDERED** that pursuant to 28 U.S.C. § 1447(c), the Clerk of this Court shall send a copy of this Order to the Clerk of the Superior Court of New Jersey, Law Division, Special Civil Part, Union County; it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall **CLOSE** this case.

_____
**JULIAN XAVIER NEALS**
United States District Judge

5